UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESIDORO SANCHEZ SOLORZANO,<br><br>Defendant. | No. 1:11-cr-00449-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S <u>MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)</u><br><br>(Doc. No. 171) |

On September 28, 2015, defendant Desidoro Sanchez Solorzano filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based upon Amendment 782 to the United States Sentencing Guidelines, which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. (Doc. No. 171.) The government has opposed the motion on the basis that, since the drug quantity involved in defendant's crime of conviction was in excess of 4.5 kilograms, the same offense level and the same sentencing range as originally calculated continue to apply in his case despite application of Amendment 782. (Doc. No. 174.)[1]  For the reasons set forth below, the

/////

---

[1] On October 1, 2015, the previously assigned District Judge granted the Federal Defender's Office ninety days to supplement defendant's pro se motion. (Doc. No. 172.) A little more than thirty days thereafter, the Federal Defender's Office filed notice with the court that no supplement to the motion would be filed. (Doc. No. 172.)

1

court agrees with the prosecution's argument and will deny defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the amount of methamphetamine involved in the defendant's count of conviction exceeded 12 kilograms of actual methamphetamine. Applying the Drug Quantity Table in Section 2D1.1(c)(1) of the 2013 Guidelines Manual, the court at the time of sentencing applied a base offense level of 38 to defendant. Under the amended Drug Quantity Table of Section 2D1.1, the base offense level for an offense involving more than 4.5 kilograms of actual methamphetamine remains 38. After applying the same three-level reduction for acceptance of responsibility and the same two-level addition for possession of firearms, the total offense level remains 37. At the established criminal history category of III, defendant's guideline sentencing range remains 210 to 262 months in prison and has not changed as a result of Amendment 782. Because the pertinent amendment does not result in a different guideline sentencing range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is

applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For all of the reasons set forth above:

1) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 171) is DENIED; and

2) The Clerk of the Court is DIRECTED to TERMINATE the defendant and CLOSE THE CASE.

IT IS SO ORDERED.

Dated:   **January 25, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE